UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VICTOR WADE HICKS,

    Applicant,

v.                               CASE NO. 8:24-cv-1602-SDM-AEP

CHIEF CORRECTIONAL OFFICER,
HERNANDO COUNTY DETENTION
   CENTER,

    Respondent.
_____/

**ORDER**

Hicks files both an initial and an amended application for a writ of habeas corpus under "28 Appendix U.S.C. Sec. 21" (Docs. 1 at 1 and 2 at 1), which provision is Rule 21, Federal Rules of Civil Procedure, that addresses the misjoinder and nonjoinder of parties and is inapplicable to Hicks's stated claim. Hicks, presently confined in the Hernando County jail, reveals (Doc. 2 at 4) that he was recently sentenced to the Florida Department of Corrections. Because he is now confined under a state court judgment, this action is controlled by both 28 U.S.C. § 2241 and § 2254. *Medberry v. Crosby*, 351 F.3d 1049, 1061 (11th Cir. 2003) ("[S]tate prisoners in custody pursuant to the judgment of a state court may file a habeas corpus petition, as authorized by § 2241, but they are limited by § 2254.").

Under Section 2254(a) a writ of habeas corpus is available only to a person who proves "that he is in custody in violation of the Constitution or laws or treaties of the United States." Consequently, the claim alleged in the application must challenge the validity of the custody. Instead of challenging the validity of his custody, Hicks challenges the lawfulness of the county jail imposing and collecting "booking and subsistence fees." (Doc. 2 at 1) Hicks's amended application lacks merit.[*]

Hicks's amended application (Doc. 2) for the writ of habeas corpus is **DENIED**. The clerk must enter a judgment against Hicks and **CLOSE** this case.

ORDERED in Tampa, Florida, on July 18, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[*] Hicks's earlier action under 42 U.S.C. § 1983, in which he alleged that "the local detention facility did not apply due process to obtain cash from my inmate account according to F.S. 951.033," was dismissed under *Parratt v. Taylor*, 451 U.S. 527, 543–44 (1981). (Doc. 3 at 2 in 8:24-cv-1520-SDM-TGW)